# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

BRIAN L. GAUL,

    Plaintiff,

vs.

HUGHES PHARMACY SERVICES, INC.,

    Defendant.

No. C04-2088-LRR

**ORDER**

## I. INTRODUCTION

This matter comes before the court pursuant to the Motion to Dismiss filed by Defendant Hughes Pharmacy Services, Inc. (docket no. 5). Plaintiff Brian L. Gaul resisted Defendant's Motion. Defendant responded to Plaintiff's reply. The matter therefore is fully submitted and ready for decision.

## II. BACKGROUND

On November 29, 2004, Plaintiff Brian L. Gaul, appearing pro se,[1] filed his Complaint against Defendant Hughes Pharmacy Services, Inc. Plaintiff alleges in his Complaint Defendant wrongfully terminated Plaintiff's employment in violation of the public policy exception to the employment-at-will doctrine. Plaintiff alleges Defendant violated and its employees violated 45 C.F.R. § 164, 42 C.F.R. § 705 and Iowa

---

[1] The court is cognizant of the fact that Gaul is proceeding pro se, and as such his pleadings are to be liberally construed and held to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, pro se litigants are not excused from complying with relevant procedural and local rules. *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

Administrative Code §§ 657-6.14, 657-8.21, and 657-36.1(4)(a) and (b) and terminated Plaintiff for his unwillingness to commit such violations. Plaintiff also alleges Defendant terminated his employment because Plaintiff was unwilling to participate in product preparation and utilization review activities that failed to meet the requirements of Iowa Administrative Code §§ 657-6.14 and 657-8.21 and 42 C.F.R. § 456.705(b), (c), and (d) and because Plaintiff expressed his concerns regarding Defendant's lack of compliance with the privacy and confidentiality standards delineated in Iowa Administrative Code § 657-8.16 and 45 C.F.R. § 164, Subpart E. Plaintiff further alleges Defendant violated the anti-retaliation clause set forth in 45 C.F.R. § 164.530(g) and Iowa Administrative Code § 657-36.1(4)(a) and (b) by terminating Plaintiff's employment and that Defendant's termination of Plaintiff's employment was in violation of the policies set forth in Iowa Administrative Code §§ 657-8.21, 657-6.14 and 42 C.F.R. § 456.705(b) and (c) and 45 C.F.R. § 164.502(a) and (b). Plaintiff asks that the court "find Defendant guilty of wrongful termination secondary to the public policy exception to the at will employment doctrine, pursuant to 42 C.F.R. § 456.705, 45 C.F.R. § 164.502 and the aforementioned sections in Section 657 of the Iowa [A]dministrative [C]ode and to the anti-retaliation requirements of 45 C.F.R. § 164.530 and Iowa [A]dministrative [C]ode [§] 657-36.1(4)(a[)] [and] [(]b)." In addition, Plaintiff asks that the court order either reinstatement of his employment or compensatory damages in the sum of $100,000, together with back pay, punitive damages, costs and reasonable attorney fees.

On January 20, 2005, Defendant filed the instant Motion to Dismiss. Defendant asserts in its Motion the court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendant argues Plaintiff's claims in this case do not arise under "the Constitution, laws or treaties of the United States," as required under 28 U.S.C. § 1331, because Plaintiff has no private cause

2

of action under any of the federal regulations Plaintiff cites in his Complaint. Defendant contends none of the federal regulations upon which Plaintiff relies in his Complaint provides an express right of action and, further, none provides an implied cause of action, using the analysis set forth by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78 (1975). Defendant also contends the court should dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Plaintiff argues in response to Defendant's Motion that application of the *Cort* criteria is inappropriate in this case because Plaintiff's claim is a common law action for wrongful discharge in violation of public policy and not a statutory claim. Plaintiff contends federal jurisdiction is established by the presence of a well-recognized and defined public policy created by the federal regulations Plaintiff cites and Plaintiff's express refusal to violate the standards set forth in such regulations. Plaintiff argues in the alternative the claims in his Complaint "represent a case of original jurisdiction for federal courts, as opposed to a hybrid case of state-federal jurisdiction, because the provisions of 45 C.F.R. § 164 are completely preemptive of any less-stringent statute or regulation." Plaintiff further maintains an implied right of action exists under 45 C.F.R. § 164.530(g) because the anti-retaliatory language set forth therein indicates a Congressional intent to create a private remedy.

### III. LEGAL ANALYSIS

#### A. *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) governs challenges to subject matter jurisdiction. Rule 12(b)(1) provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a motion prior to answering the complaint filed in any action. The Eighth Circuit Court of Appeals articulated that a "court deciding a

motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Where a party launches a "facial attack" on federal subject matter jurisdiction under Rule 12(b)(1), the court looks only to the face of the pleadings to determine whether federal subject matter jurisdiction exists and the non-moving party is entitled to the same "protections" as it otherwise would receive against a motion brought under Rule 12(b)(6). *Id.* at 729 n.6 (citing *Menchaca*, 613 F.2d at 511; *Mortensen*, 549 F.2d at 891; *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Quality Refrigerated Servs., Inc. v. City of Spencer*, 908 F. Supp. 1471, 1481 (N.D. Iowa 1995) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731-32 (11th Cir. 1982)). When a party launches a "factual attack" on federal subject matter jurisdiction, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* at 1481 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). In a factual attack, the non-moving party is not entitled to the benefit of the safeguards afforded such party under a motion to dismiss under Rule 12(b)(6). *Osborn*, 918 F.2d at 729 n.6 (citing *Mortensen*, 549 F.2d at 891)). The proper course under these circumstances is for the defendant to request an evidentiary hearing on the issue of the court's jurisdiction at which, if necessary, witnesses may testify. *Id.* at 730 (citing *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)).

In this case, Defendant's challenge to the court's subject matter jurisdiction is based solely on the facts alleged in Plaintiff's Complaint. Thus, Defendant's attack on federal

4

subject matter jurisdiction is a facial attack, and the court will consider only the facts alleged in Plaintiff's Complaint in addressing Defendant's Motion to Dismiss.

### B. Federal Subject Matter Jurisdiction

This court is one of limited jurisdiction. *Jackson v. Kuhn*, 254 F.2d 555, 559 (8th Cir. 1958). There are two common grounds on which federal subject matter jurisdiction may be established: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. As the United States Supreme Court has recognized, "[a]bsent diversity of citizenship . . . federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As an initial matter, the court notes Plaintiff's Complaint does not contain a "short and plain statement of the grounds upon which the court's jurisdiction depends" as required under Federal Rule of Civil Procedure 8(a)(1). Plaintiff does not allege in his Complaint any facts from which the court could conclude there exists federal subject matter jurisdiction based on diversity. Moreover, Plaintiff's Complaint does not present a federal question. The court finds Plaintiff clearly has pled in his Complaint a claim for wrongful termination of employment in violation of public policy, a claim which is based solely on state law. *See Davis v. Horton*, 661 N.W.2d 533, 535-36 (Iowa 2003) (setting forth requirements for wrongful discharge claim based upon violation of public policy). Because Plaintiff has failed to plead in his Complaint facts from which the court could conclude there exists diversity of citizenship or a federal question, the court finds it is without subject matter jurisdiction to consider the claims set forth in Plaintiff's Complaint.

The court notes, even if it were to allow Plaintiff to amend his Complaint to plead a cause of action under 45 C.F.R. § 164.530(g), a cause of action Plaintiff mentions for the first time in his resistance to Defendant's Motion to Dismiss, such amendment would

5

be futile. This regulation was promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code). The court's research revealed every court that has considered the issue of whether HIPAA creates a private cause of action, either express or implied, has concluded it does not. *See Johnson v. Quander*, ___ F. Supp. 2d ___, 2005 WL 670759 (D.D.C. March 21, 2005); *Munoz v. Island Fin. Corp.*, 364 F. Supp. 2d 131, 136 (D. Puerto Rico 2005); *Univ. of Co. Hosp. Auth.v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1145-46 (D. Colo. 2004); *O'Donnell v. Blue Cross Blue Shield of Wy.*, 173 F. Supp. 2d 1176, 1179-80 (D. Wyo. 2001). *See also Rigaud v. Garofalo*, 2005 WL 1030196 (E.D. Pa. May 2, 2005); *Johnson v. Parker Hughes Clinics*, 2005 WL 102968 (D. Minn. Jan. 15, 2005). Plaintiff provides no authority for his argument there exists a private right of action under 45 C.F.R. § 164.530(g) and the court finds his arguments in favor of such action unpersuasive. Thus, the court finds Plaintiff has failed to establish federal subject matter jurisdiction over the claims asserted in his Complaint would exist even if the court were to allow Plaintiff to amend his Complaint to assert a cause of action under 45 C.F.R. § 164.530(g).

### IV. CONCLUSION

In light of the foregoing, IT IS ORDERED:

1. Defendant's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (docket no. 5) is GRANTED.[2]

2. Plaintiff's claims against Defendant are dismissed without prejudice.

---

[2] Because the court finds it lacks subject matter jurisdiction over Plaintiff's claims in this case, the court declines to consider Defendant's argument it should dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

3. The costs of suit shall be assessed against Plaintiff.

**SO ORDERED.**

**DATED** this 23rd day of June, 2005.

*[signature]*

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA